UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                             CASE NO. 6:26-cr-158-GAP-NWH

CHRISTOPHER ALEXANDER DELGADO

**<u>UNOPPOSED MOTION TO TRANSFER</u>**

The United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, moves this Court to transfer the instant case to United States District Judge Carlos E. Mendoza for the following reasons:

1. The government has filed a notice advising this Court of the existence of a related case, *United States v. Assets Identified In Paragraph One Of Verified Complaint*, Case No. 6:26-cv-1134-CEM-LHP. (Doc. 56).

2. The related case is a civil asset forfeiture action filed on May 21, 2026, concerning the alleged proceeds of a Ponzi scheme orchestrated by defendant Christopher Delgado and others. (Doc. 1 in 6:26-cv-1134-CEM-LHP).   The civil asset forfeiture action was assigned to United States District Judge Carlos E. Mendoza.

3. The defendant is charged in the instant criminal case with conduct arising out of the same set of facts. (Doc. 49).

4. The assets subject to forfeiture identified in the Information and plea agreement in the criminal case substantially overlap with the assets in the civil asset forfeiture action.

5.     Moreover, the defendant's plea agreement requires the defendant to take actions within the civil asset forfeiture matter. As provided for in the plea agreement, (Doc. 54 at 23–24), the defendant has executed a consent to forfeiture to be filed in the civil case. As a result, the civil asset forfeiture case will not be stayed and will proceed forward. The real properties and vehicles named in both the criminal plea agreement and the civil asset forfeiture case will be forfeited in the civil asset forfeiture case in order to minimize costs and maximize recoveries since the United States Attorney intends to seek permission to use forfeited funds to compensate the fraud victims. Third parties with a personal relationship to the defendant who may assert claims in the civil forfeiture case may also assert claims to property subject to forfeiture in the criminal case.

6.     Placing both related matters before the same District Judge will mitigate the possibility of inconsistent dispositions and preserve judicial economy.

7.     Counsel for the United States has conferred with counsel for the defendant, who does not oppose this motion.

2

WHEREFORE, based upon the above and foregoing reasons, the government respectfully requests that this Court order the transfer of the instant case to United States District Judge Carlos E. Mendoza.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney


By:    /s/ Richard Varadan
        Richard Varadan
        Assistant United States Attorney
        Florida Bar No.: 1025743
        400 W. Washington Street, Suite 3100
        Orlando, Florida 32801
        Telephone:   (407) 648-7500
        Facsimile:     (407) 648-7643
        E-mail: Richard.Varadan@usdoj.gov

3

**U.S. v. Christopher Alexander Delgado**      **Case No. 6:26-cr-158-GAP-NWH**

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

> /s/ Richard Varadan
> Richard Varadan
> Assistant United States Attorney
> Florida Bar No.: 1025743
> 400 W. Washington Street, Suite 3100
> Orlando, Florida 32801
> Telephone:   (407) 648-7500
> Facsimile:    (407) 648-7643
> E-mail: Richard.Varadan@usdoj.gov

4