# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                   **Case No.:  6:26-cr-158-GAP-NWH**

CHRISTOPHER ALEXANDER
DELGADO,

      Defendant.

_____

### ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **Motion for Alternative Victim Notification (Doc. 58, the "Motion")** |
| **FILED:** | **June 25, 2026** |

**THEREON** it is **ORDERED** that the motion is **taken under advisement**.

The Crime Victims' Rights Act (the "Act"), codified at 18 U.S.C. § 3771, provides crime victims with a variety of rights in connection with federal criminal cases. Among those are "[t]he right to reasonable, accurate, and timely notice of any

public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused." 18 U.S.C. § 3771(a)(2).[1]

The United States seeks permission, pursuant to section (d)(2) of the Act, to notify victims in this case via a website. (Doc. 58 at 3). Section (d)(2) provides that, "[i]n a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(d)(2). According to the Motion, "traditional compliance methods" (which are not defined) are "impractical" because there are "more than 1,000 known victim investors." (Doc. 58 at 2). The Government's proposed alternative is to post all required notices via a website (the "Notification Website") to which victims are directed via a press release. (*Id*. at 3). A press release has apparently already been issued via the Department of Justice website, but the United States did not attach a copy, and the link cited in the Motion does not exist. (*Id*. at 3 n.1). Although case law on this issue is admittedly scant, the Motion provides no authority in support of its proposed alternative method of notification.

The undersigned is not convinced that the Government's proposed method of notification is sufficient to provide victims with "reasonable, accurate, and timely notice" as required by the Act. Even if the Notification Website is a sufficient means

---

[1] The Government and the Court are independently obligated to ensure that crime victims are afforded their rights under the Act. 18 U.S.C. §§ 3771(b)(1) and (c)(1).

2

of communication going forward, a single press release is insufficient to ensure that victims are directed to the Notification Website in the first place.[2]

Accordingly, the Motion will be taken under advisement. The undersigned will set a hearing to determine a reasonable procedure to give effect to the Act that does not unduly complicate or prolong the proceedings.

**DONE** and **ORDERED** in Orlando, Florida on June 26, 2026.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

---

[2] *See United States v. Ingrassia*, No. CR-04-0455ADSJO, 2005 WL 2875220 (E.D.N.Y. Sept. 7, 2005) (recommending that the Government provide initial notice via mail).