**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**v.** **Case No. 6:26-cr-158-GAP-NWH**

**CHRISTOPHER ALEXANDER DELGADO**

**ORDER OF FORFEITURE FOR PROCEEDS**
**AND FOR DIRECT AND SUBSTITUTE ASSET**

THIS CAUSE comes before the Court upon the United States of America's Motion, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), for the following:

(1) an Order of Forfeiture for at least $250 million, which represents the proceeds Delgado obtained from the wire fraud scheme charged in Counts One and Two;

(2) a Preliminary Order of Forfeiture for Direct Asset for:

> The real property located at 2142 Country Side Drive, Apopka, Florida 32712 **(approximately $89,949.53 in proceeds was used to pay the mortgage on this property)**, titled in the name of Christopher Delgado, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:
>
> Lot 67, Countryside Heights, First Addition, according to the plat thereof, as recorded in Plat Book 17, Page 31, of the Public Records of Orange County, Florida.
>
> Property Identification Number: 31-20-28-1802-00-670.

(the Country Side Property), which was derived from proceeds of those counts; and

(3) a Preliminary Order of Forfeiture for the equity in the Country Side

Property not traceable to proceeds as substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(e)(1)(B), in partial satisfaction of Delgado's order of forfeiture.

Being fully advised of the relevant facts, the Court hereby finds that Delgado obtained at least $250 million in proceeds from the wire fraud scheme charged in Counts One and Two, to which he pled guilty.

The Court further finds that approximately $89,949.53 of the Country Side Property was purchased or funded with proceeds of the wire fraud conspiracy and substantive wire fraud offense, and is therefore derived from, and traceable to, the offenses charged in Counts One and Two, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

The Court further finds that the United States is entitled to forfeit the Country Side Property as a substitute asset, in partial satisfaction of Delgado's Order of forfeiture, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

Accordingly, it is hereby:

**ORDERED, ADJUDGED**, and **DECREED** that for good cause shown, the United States' motion (Doc. 76) is **GRANTED**.

It is **FURTHER ORDERED** that; the United States is entitled to forfeit at least $250 million in proceeds Delgado obtained from his participation in the wire fraud scheme. In addition, the Country Side Property was partially purchased or funded with proceeds of the wire fraud conspiracy and substantive wire fraud

offense, and is therefore partially derived from, and traceable to, the offenses charged in Counts One and Two and is forfeitable under 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2).

It is **FURTHER ORDERED** that, because the $250 million was dissipated by Delgado, and the United States could not locate all the of the specific property traceable to Delgado's offenses, the United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), forfeiture of any of Delgado's property up to the value of $250 million, including the non-proceeds portion of Country Side Property. Jurisdiction is retained to enter any order necessary for the forfeiture and disposition of any substitute asset and to address any third-party claim.

The net proceeds from the forfeiture of the Country Side Property as well as any substitute asset forfeited from Delgado will be credited towards the satisfaction of the order of forfeiture.

It is **FURTHER ORDERED** that:

1. The United States will provide written notice to all third parties known to have an alleged legal interest in the Country Side Property and will publish notice on the internet at www.forfeiture.gov.

2. That any person, other than Christopher Alexander Delgado, who has or claims any right, title or interest in the Country Side Property must file a petition with this Court for a hearing to adjudicate the validity of their alleged interest in the

property. The petition should be mailed to the Office of the Clerk, United States District Court, 401 West Central Boulevard, Suite 1200, Orlando, Florida 32801, within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

3. The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Country Side Property, the time and circumstances of the petitioner=s acquisition of the right, title or interest in the Country Side Property and any additional facts surrounding the petitioner's claim and the relief sought.

4. After receipt of the petition by the Court, the Court will set a hearing to determine the validity of the petitioner=s alleged interest in the Country Side Property.

5. That upon adjudication of all third-party interests in the Country Side Property this Court will enter a Final Order of Forfeiture in which all interests will be addressed.

The Court retains jurisdiction to address any third-party claim that may be asserted in these proceedings, and to enter any further order necessary for the forfeiture and disposition of subject real property.

**DONE and ORDERED** in Chambers in Orlando, Florida, this 15th day of September, 2026.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
Anita M. Cream, AUSA
Blain A. Goff, AUSA
All Parties/Counsel of Record