**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**v.** **Case No. 6:26-cr-158-GAP-NWH**

**CHRISTOPHER ALEXANDER DELGADO**

**UNITED STATES' MOTION FOR A PRELIMINARY ORDER OF FORFEITURE FOR DIRECT ASSETS**

The United States of America moves this Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), Fed. R. Crim. P. 32.2(b)(2), and Christopher Alexander Delgado's Plea Agreement, for a Preliminary Order of Forfeiture for the funds transferred to the Internal Revenue Service ("IRS") or this Court's registry by, or with the consent of, Christopher Delgado, the returned charitable donations held by the IRS, and the cryptocurrency seized by the IRS, all of which constitute or were derived from proceeds of the wire fraud conspiracy and substantive wire fraud offenses charged in Counts One and Two, to which he pleaded guilty:

***A. Funds***

1. $166,861.35 from Goliath Ventures International Account 30000849574 wired to the IRS from Christopher Delgado on or about February 25, 2026;

2. $596,532.00 in funds wired to the IRS on March 6, 2026, from Emirates NBD High Interest Yield Account 1015880399401 on or about February 24, 2026;

3. $585,099.00 deposited by Christopher Delgado from Emirates NBD High Interest Yield Account 1015880399401 into the Court Registry on June 2, 2026, plus any accrued interest;

4. $141,186.00 from Navy Federal Credit Union Account ending 8277 held by Christopher A. Delgado;

5. Net proceeds from the sale of the 2023 Ferrari 296 GTS, Vehicle Identification Number, VIN: ZFF01SMB000291713; and

6. Net proceeds from the sale of the 2023 Cadillac Escalade, VIN: 1GYS47KLXPR263920.[1]

***B. Returned Charitable Donations***

1. $255,000.00 Cashier's Check from Alliance Bank of Arizona, which represents a donation made by Goliath Ventures that was returned by Victoria's Voice Foundation;

2. $10,000.00 Cashier's Check from PNC Bank, which represents a donation made by Goliath Ventures that was returned from Life and Liberty; and

3. $25,000.00 Cashier's Check from PNC Bank, which represents donation made by Goliath Ventures that was returned from Conservative Solutions for Florida.

***C. Cryptocurrency***

1. 2.116437636 Ethereum (ETH) in MetaMask Wallet Address 0xDec…9CA7;

---

[1] With the Court's permission, Delgado authorized a law firm retained by the United States to sell the 2023 Ferrari 296 GTS and 2023 Cadillac Escalade, which he purchased and stored at his residence in Dubai, United Arab Emirates. The Ferrari sold for AED 630,000 (approximately $171,500) and the Cadillac sold for AED 260,000 (approximately $70,800). However, the funds will not be transferred to the United States until the law firm submits its final bill for securing, storing and overseeing the sale of the vehicles and the repatriation of Delgado's personal property to the United States. The United States anticipates receiving the funds next month.

The personal property, which was repatriated this week, is not included in this motion because the United States intends to file a consent motion for interlocutory sale of those items.

2. 77,123,760 Medieval Empires (MEE) tokens in MetaMask Wallet Address 0xDec…9CA7; and

3. 8,709.08 USD (USDC) in MetaMask Wallet Address 0xDec…9CA7nt.

In support, the United States submits the following memorandum of law.

## MEMORANDUM OF LAW

### I. Statement of Facts

#### A. Allegations Against the Defendant

1. Delgado was charged in an Information with wire fraud conspiracy, in violation of 18 U.S.C. § 1349, wire fraud, in violation of 18 U.S.C. § 1343, and engaging in an unlawful monetary transaction, in violation of 18 U.S.C. § 1957. Doc. 49.

2. As relevant here, the Information also contained forfeiture allegations putting him on notice that, under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the United States would forfeit the funds identified above, with the exception of the funds from the Navy Federal Credit Union, which constitutes or were derived from proceeds of the wire fraud charged in Counts One and Two. *Id.* at 7-10.

#### B. Finding of Guilt and Admissions Related to Forfeiture

3. Delgado pleaded guilty to Counts One through Three of the Information. Docs. 63, 67. The Court accepted his plea and adjudicated him guilty. Doc. 72.

4. In his Plea Agreement, Delgado admitted that all but the Navy Federal Credit Union funds, returned charitable donations, and cryptocurrency identified above, constitute or were derived from proceeds of the wire fraud conspiracy and substantive wire fraud offense. Doc. 52 at 8-9. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), he agreed to forfeit them as directly traceable assets. Doc. 52 at 10-11. Delgado also agreed that the order of forfeiture would be final as to him when entered. *Id*. at 22.

5. After the Plea Agreement was signed, the $141,186.00 was returned to Delgado by a financial institution and deposited into his Navy Federal Credit Union account. Recognizing that the funds were derived from proceeds of the Goliath fraud, Delgado informed the United States and turned the funds over to the IRS to be forfeited.

## II. Applicable Law

### A. Forfeiture Statutes

The Court's authority to order civil forfeiture of property for violations of 18 U.S.C. §§ 1343 or 1349 is found in 18 U.S.C. § 981(a)(1)(C). Section 981(a)(1)(C) provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds from any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offenses. A "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), includes offenses listed in 18 U.S.C. § 1961(1). Specifically, 18 U.S.C. § 1961(1) includes violations of

18 U.S.C. §§ 1343 and 1349. Under 28 U.S.C. § 2461(c), the United States is authorized to forfeit this property criminally, and the procedures for the forfeiture and disposition of the property are governed by 21 U.S.C. § 853.

**B. Direct Assets**

Rule 32.2(b)(1) provides that, when the United States seeks to forfeit specific property, the court must determine whether the United States has established the requisite nexus between the property and the defendant's crimes. Fed. R. Crim. P. 32.2(b)(1). As Delgado has agreed, the funds, returned charitable donations, and cryptocurrency, constitute or were derived from proceeds of the Goliath wire fraud, under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

**C. Court's Determination of Forfeiture**

Federal Rule of Criminal Procedure 32.2(b)(1) requires that as soon as practical after a plea of guilty is accepted, the court must determine what property is subject to forfeiture under the applicable statute. When the United States seeks forfeiture of specific assets, the Court must determine whether the government has established the requisite nexus between the property and the offenses. *Id.*

Here, the United States is seeking forfeiture of the funds, returned charitable donations, and cryptocurrency as direct assets, asserting that they are all traceable to investor funds. And Delgado has admitted that they constitute, or are derived from, fraud proceeds. The facts in the Plea Agreement establish that: (1) Delgado directed at least $250 million into various bank and cryptocurrency accounts during the

Goliath fraud; (2) Delgado used investor money for personal enrichment; and (3) cryptocurrency from Goliath's cryptocurrency wallets was transferred to wallets he owned. Doc. 52 at 38-40, 48. Recognizing that the funds, including the net proceeds of the sales of the two Dubai vehicles, and the cryptocurrency represented fraud proceeds, Delgado either personally transferred them, or consented to a third party transferring them, to the United States.[2] Because the charitable donations were made from Goliath accounts, the charities voluntarily returned the funds, directing them to the IRS.

## III. Conclusion

For the above reasons, the United States requests that, under 18 U.S.C. §§ 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), the Court enter a preliminary order of forfeiture for the funds, charitable donations, and cryptocurrency as direct assets, subject to the provisions of 21 U.S.C. § 853(n). The net proceeds from the forfeiture of the funds will be credited towards the satisfaction of the order of forfeiture.

The United States further requests that the Court authorize the Clerk of Court, Middle District of Florida to transfer to the IRS the $585,099.00 deposited by

[2] Delgado had agreed to transfer the $585,099.00 from Emirates NBD High Interest Yield Account 1015880399401 to the United States. However, as part of his conditions of pretrial release, the Court directed him to transfer the funds to the Court registry. Doc. 25 at 2-3.

Christopher Delgado from Emirates NBD High Interest Yield Account 1015880399401 into the Court Registry on June 2, 2026, plus any accrued interest.

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

Lastly, the United States requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: *s/Anita M. Cream*
ANITA M. CREAM
Assistant United States Attorney
Florida Bar Number 56359
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
E-mail: anita.cream@usdoj.gov

*s/Blain A. Goff*
BLAIN A. GOFF
Assistant United States Attorney
Florida Bar Number 0109467
(813) 274-6000 – telephone
E-mail: blain.goff@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

*s/Anita M. Cream*
ANITA M. CREAM
Assistant United States Attorney