UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**v.** **Case No. 6:26-cr-158-GAP-NWH**

**CHRISTOPHER ALEXANDER DELGADO**

**ORDER GRANTING TIME-SENSITIVE CONSENT MOTION**
**FOR INTERLOCUTORY SALE OF PERSONAL PROPERTY**

This matter comes before the Court on the Government's Amended Time-Sensitive Consent Motion for Interlocutory Sale of Personal Property.

**I. Background**

Delgado was charged by Information with wire fraud conspiracy, in violation of 18 U.S.C. § 1349 (Count One), wire fraud in violation of 18 U.S.C. § 1343 (Count Two) and money laundering in violation of 18 U.S.C. § 1957 (Count Three). Doc. 49. The Information also contained forfeiture allegations putting him on notice that, under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the United States would seek at least $250 million, which represents the proceeds Delgado obtained from the wire fraud scheme charged in Counts One and Two, and numerous real and personal properties. *Id.* at 7-20. Delgado pleaded guilty as charged in the Information. Docs. 63, 67. The Court accepted his plea and adjudicated him guilty. Doc. 72.

In his Plea Agreement, Delgado agreed to the forfeiture of all forfeitable property, including "all personal property purchased with fraud proceeds, including

clothing, shoes, handbags, luggage, home furnishings and decor, jewelry, wine, spirits, and other luxury goods, including ***but not limited to***" a list that spanned ten pages. Doc. 52. at 8-9, 11-20 (emphasis added). As reflected in the plea language, the extensive list of property that follows includes the most valuable items but was not exhaustive. With Delgado's consent, the IRS has custody of hundreds of items of personal property.

The parties have had extensive discussions about how best to maximize the value of the personal property and agreed that an interlocutory sale was preferrable to a post-forfeiture sale because of the scope and value of the personal property and the sentencing date. The sale proceeds would be sent directly to the IRS and can be forfeited in place of the property that was sold.

Some of the most valuable personal property was located in the United Arab Emirates (UAE). The United States retained counsel in the UAE to facilitate the repatriation of the items to the United States, which has been delayed because of regional instability and Iranian bombing as well as coordination with UAE Customs. The items arrived in the United States on October 13, 2026.

The United States has solicited proposals from three national auction houses, two local auction companies, as well as multiple specialty handbag resellers. Christie's, an internationally recognized luxury auction house with dedicated departments spanning dozens of categories, including handbags and accessories, jewelry, and watches, submitted the most favorable proposal. Christie's will sell the majority of the most valuable personal property on significantly more favorable

financial terms than the other proposals received or any existing government contract; Delgado would not incur any costs for Christie's to pack and transport the items and the United States would receive significantly more of the total price paid by the buyer than under any other proposal. Christie's also markets to the broadest possible customer base. As a result, the parties anticipate a larger recovery than the government would receive post-forfeiture. And that recovery will be available more quickly.

Christie's will prepare the property for sale by arranging for its secure collection, packing, transportation, and storage. Upon receipt, Christie's specialists will conduct inventorying, condition review, price valuation, photography, and cataloguing.[1] Christie's will market the property through a coordinated campaign that may include press outreach, digital advertising, targeted communication with prospective buyers, exhibition of selected highlights, and promotion through Christie's global client network and related sales channels. Depending on the nature of the property, items may be offered through live or online auction sale channels. Christie's will oversee the sale process through settlement and remittance of net proceeds pursuant to the terms approved by the Court.

The net proceeds of the sales would be paid directly to the Internal Revenue Service. The parties agree that the United States could then deduct the costs it

---

[1] Christie's will make a final determination of which luxury items it will sell based upon physical inspection. The parties are working to finalize a plan for the remaining personal property—primarily less expensive jewelry and handbags, household goods, used clothing and shoes, cigars, and memorabilia.

incurred to secure the Dubai assets. All remaining funds would be subject to forfeiture as the substitute *res.*

The United States and Delgado have been contacted by individuals interested in purchasing Delgado's personal property. The level of interest further supports the parties' belief that it is advantageous to sell the personal property as soon as practicable.

**II. Legal Standard**

Federal Rule of Criminal Procedure 32.2(b)(7) provides: AAt any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable.@ Fed. R. Crim. P. 32.2(b)(7).[2] Supplemental Rule G(7)(i)(D) authorizes the Court to order the interlocutory sale of forfeitable property for good cause.

Supplemental Rule G(7)(ii) further provides that the sale must be conducted by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates. Here, because Delgado owns the personal property and consents, the United States requests he be authorized to sign the sales contracts with Christie's, which provides that all sale proceeds be

---

[2] The Court also has authority to enter an interlocutory sale order under 21 U.S.C. § 853(e), which authorizes the court to "take any ... action to preserve the availability of property" subject to forfeiture. *See United States v. Youssef*, 734 F. Supp. 3d 638, 640–643 (E.D. Mich. 2024) ("The Court's authority to order the interlocutory sale of property subject to criminal forfeiture is derived, among other sources, from 21 U.S.C. § 853(e)" and "the Federal Rules of Criminal Procedure's forfeiture provisions," specifically Rule 32.2(b)(7)).

transferred directly to the IRS pending forfeiture.

Interlocutory sales are governed by 28 U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree otherwise. *See* Supplemental Rule G(7)(iii). Rule G(7) affords the district court a wide degree of latitude in making the decision of whether to order an interlocutory sale. *See U.S. v. Real Prop. Located at 55 Pub. Square, Cleveland, Ohio*, No. 21-10696, 2022 WL 1549161, *2 (11th Cir. May 17, 2022) (unpublished) ("In certain circumstances, Supplemental Rule G(7) permits the district court to authorize the sale of real property before the forfeiture case is resolved."). When ordering an interlocutory sale, the court "may use other procedures for the sale if all parties…agree to the sale, aspects of the sale, or different procedures." *Id.* (quoting Supp. Rule G(7)(b)(iii)).

**III. Analysis**

Delgado was charged by Information and subsequently pleaded guilty to wire fraud conspiracy, in violation of 18 U.S.C. § 1349 (Count One), wire fraud in violation of 18 U.S.C. § 1343 (Count Two) and money laundering in violation of 18 U.S.C. § 1957 (Count Three). Doc. 49, 63, 67. The Information contained forfeiture allegations putting him on notice that, under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the United States would seek at least $250 million, which represents the proceeds Delgado obtained from the wire fraud scheme charged in Counts One and Two, and numerous real and personal properties. *Id.* at 7-20. The Court accepted his plea and adjudicated him guilty. Doc. 72.

In his Plea Agreement, Delgado agreed to the forfeiture of all forfeitable

property, including "all personal property purchased with fraud proceeds, including clothing, shoes, handbags, luggage, home furnishings and decor, jewelry, wine, spirits, and other luxury goods, including but not limited to" a list that spanned ten pages. Doc. 52. at 8-9, 11-20. As reflected in the plea language, the extensive list of property included the most valuable items but was not exhaustive. With Delgado's consent, the IRS has custody of hundreds of items of personal property. Thus, the personal property is subject to the provisions of Federal Rule of Criminal Procedure 32.2(b)(7), 21 U.S.C. § 853(e), and Supplemental Rule G(7) of the Federal Rules of Civil Procedure.

The United States and Delgado agree that auctioning the extensive collection of luxury personal property before his January 2027 sentencing with very favorable terms from an internationally recognized auction house will result in a larger recovery than a post-forfeiture sale. Because the United States Attorney intends to seek permission to use the forfeited funds to pay victims, maximizing the recovery is of paramount importance to the parties.

The Court finds that the Government's Motion easily satisfies Rule G(7)(b)(i)'s for good cause for ordering an interlocutory sale.[3] Because Delgado owns the personal property and consents, the Court finds that authorizing Delgado to sign the sales contracts with Christie's, which provide that all sale proceeds be transferred

[3] Because all parties agree to the sale, 28 U.S.C. §§ 2001, 2022, and 2004 are inapplicable. *See* Supp R. G(7)(b)(iii).

directly to the IRS pending forfeiture satisfies Rule G(7)(b)(ii). The Court likewise approves of the Parties' agreement to selling the most expensive luxury items through Christie's as this is the best method and will yield the largest, and most expeditious, recovery.

Therefore, "immediate interlocutory sale of the Personal Property" is appropriate in these circumstances.

**IV. Conclusion**

Accordingly, it is **ORDERED** that the Government's Amended Time-Sensitive Consent Motion for Interlocutory Sale of Personal Property (Doc. 100) is hereby **GRANTED**.

The Court authorizes Delgado to enter into the sale contracts with Christie's so that it may take custody of and sell the luxury goods.

The net sale proceeds **SHALL** be substitute *res* subject to forfeiture in place of the Personal Property and **SHALL** be held in an interest-bearing account maintained by the Government pending conclusion of the forfeiture action.

The Government's Time Sensitive Consent Motion for Interlocutory Sale of Personal Property (Doc. 99) is denied as moot.

DONE and ORDERED in Chambers, Orlando, Florida on October 22, 2026.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party